The State of Georgia *vs.* Bradford.

THE STATE OF GEORGIA, plaintiff in error, *vs.* J. J. BRAD-
FORD, sheriff, defendant in error.

Where a sheriff, in answer to a rule calling upon him to show cause why
he had not made the money on a *fi. fa.* issued by the Comptrollor Gen-
eral against a defaulting tax collector, showed, for cause, that the de-
fendant had no property on which to levy the *fi. fa.*, and in a traverse of
the return it appeared that the defendant was in possession of a tract of
land which had been set apart as a homestead for the benefit of his wife
and family:

*Held*, that there was no error in the Court in refusing, under the circum-
stances, to make this rule absolute, as the sheriff appears to have acted
in good faith, and the property was real estate:

*Held, also*, that it was the duty of the Court to have directed the sheriff,
by order, to levy upon the property, that the parties may have an op-
portunity of testing, before the Courts, whether the homestead so set
apart, is or is not subject to an execution by the Comptroller Gene-
ral against a defaulting tax collector. WARNER, Judge, dissenting.

Tax. Homestead. Rule against Sheriff. Before Judge
JOHNSON. Muscogee Superior Court. January, 1871.

This was a rule against Bradford, sheriff,. The cause was
submitted to the Court upon the following agreed statement
of the facts :

On the 1st of June, 1869, the Comptroller General of
Georgia issued an execution against one Brooks, a tax col-
lector, and his securities for $5,100 00 taxes due said State.
On the 10th of Janury, 1870, this execution was handed to
Bradford for collection out of Brooks, the Governor having
suspended proceedings against the securities. The sheriff did
not make the money, and to a rule against him answered
that Brooks had no property subject to said *fi. fa.* The an-
swer was traversed by averring that Brooks owned certain
lots described in the traverse, worth $2,500 00. Issue was
joined upon the traverse. But counsel agreed that when said
execution was issued Brooks owned said land in fee simple,
but on the 21st of August, 1869, said land was, by the Ordi-
nary of said county, set apart to the wife of Brooks under the
Homestead Act. It was submitted whether this land was

subject to said *fi. fa.*  The Court held it was not subject and discharged the rule against the sheriff.  That is assigned as error.

C. J. THORNTON, Solicitor General for the State, said the *fi. fa.* was for *taxes,* and therefore the homestead was subject.

BLANFORD & THORNTON for defendant.

McCAY, Judge.

1. We think it would be a harsh judgment against the sheriff to hold him liable to a rule absolute in this case.  He has acted in good faith and he has done no harm, except to compel by his conduct the plaintiff to ask the direction of the Court in this a very doubtful matter.  He is made a trespasser if he levies upon a homestead.  It is admitted that there is a homestead in this case; but it is contended that the homestead is exempt for taxes, and that this *fi. fa.* is for taxes.  Because the sheriff refused to decide so nice a question as this it seems to us that it would be very harsh to hold him liable.

We are not, ourselves, prepared to say that this property is liable.  It is an open question, and one that the parties have a right to make.  The *fi. fa.* is for the default of a tax collector in settling with the Comptroller General, and it is going pretty far to say that this is taxes, in the sense of the exception to the Constitution.  We do not, however, decide this question.  We simply say that, in our judgment, in so doubtful a case, the sheriff, in the case of real estate, may well await the order and direction of the Court.

2. We think the Court should direct the levy to be made. Let the parties claim the property, and make the question.

LOCHRANE, Chief Justice, concurred, but furnished no opinion.

WARNER, Judge, dissenting.

This was a rule against the sheriff, calling on him to show cause why he had not made the money on a tax execution issued by the Comptroller General of the State against Brooks, a defaulting tax-collector, and his securities. The sheriff showed. for cause, that there was no property of Brooks to be found, on which to levy the execution. The return of the sheriff was traversed, and the following statement of facts was admitted, and submitted to the Court for its judgment, to-wit: That on the 1st day of June, 1869, the date of the execution, Brooks, the principal defendant therein, was the owner, and in the possession of part of two lots of land, of the value of $2,500 00; that on the 21st day of August, 1869, said land was set apart to the wife and children of Brooks, as a homestead. After argument had, the Court discharged the rule against the sheriff, and the Solicitor General for the State excepted. By the 915th section of the Code, the property of tax collectors is bound from the time of the execution of their bonds. The record does not show the date of the tax collector's bond, in this case, but as the execution against him, as such tax collector, was issued on the 1st June, 1869, he must have executed his bond prior to that date. The homestead was set apart on his land, to his wife and children, on the 21st day of August, 1869. By the Constitution of 1868, and the Act of the General Assembly of that year, ministerial officers are *not prohibited* from enforcing executions for *taxes* against the homestead; executions for taxes are expressly excepted by the Constitution and the Homestead Act, and it was the duty of the sheriff to have levied this tax execution on the homestead set apart on his land for his wife and children, as the property of the defendant therein, inasmuch as it is not exempt from levy and sale for taxes, under the provisions of the Constitution and the Act of 1868, as a homestead. The fact that a homestead is claimed on the land of a defendant in a tax execution, is

no legal excuse or protection to a sheriff who fails or neglects to levy an execution for taxes thereon; the more especially, as the land was bound for the payment of the tax execution, before the homestead was set apart on it.